## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

COMPUTER SOFTWARE PROTECTION LLC

      Plaintiff,

      v.

MICROSOFT CORPORATION

      Defendant.

C.A. No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Computer Software Protection LLC ("CSP"), for its Complaint against defendant Microsoft Corporation ("Microsoft"), hereby alleges as follows:

## PARTIES

1.      Plaintiff CSP is a Texas corporation with its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2.      Upon information and belief, defendant Microsoft is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, WA 75093.  Microsoft may be served with process under the Delaware long arm statute, 10 *Del. C.* § 3104.

## NATURE OF THE ACTION

3.      This is a civil action for infringement of United States Patent No. 6,460,140 ("the '140 patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Microsoft because, among other things, Microsoft has committed, aided, abetted, contributed to, or participated in the commission of patent infringement in this judicial district and elsewhere that led to foreseeable harm and injury to CSP.

6.      This Court also has personal jurisdiction over Microsoft because, among other things, Microsoft has established minimum contacts within the forum such that the exercise of jurisdiction over Microsoft will not offend traditional notions of fair play and substantial justice. Moreover, Microsoft has placed products that practice the claimed inventions of the '140 patent into the stream of commerce with the reasonable expectation or knowledge that purchasers and users of such products were located within this District.  Microsoft has sold, advertised, marketed, and distributed products in this District that practice the claimed inventions of the '140 patent.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### The Patent-In-Suit

8.      United State Patent No. 6,460,140, entitled "System for Controlling the Use of Licensed Software," was duly and legally issued by the United States Patent and Trademark Office on October 1, 2002.  A copy of the '140 patent is attached hereto as Exhibit A.

9.      CSP is the exclusive licensee of the '140 patent and has the right to sue and recover damages for any current or past infringement of the '140 patent.

### COUNT I
### (Infringement of the '140 Patent)

10.     Paragraphs 1-9 are incorporated by reference as if fully stated herein.

11.     Microsoft, either alone or in conjunction with others, has infringed and continues to infringe, one or more claims of the '140 patent under 35 U.S.C. § 271, either literally or under

the doctrine of equivalents, by making, using, offering to sell, selling or importing into the United States products that utilize product activation software, for example and without limitation, Microsoft Windows XP.

12.    CSP has been and continues to be damaged by Microsoft's infringement of the '140 patent.

## PRAYER FOR RELIEF

WHEREFORE, CSP respectfully requests that this Court enter judgment against Microsoft as follows:

A.    That Microsoft has infringed the '140 patent;

B.    That Microsoft's infringement of the '140 patent has been willful;

C.    That CSP be awarded damages adequate to compensate it for Microsoft's past infringement and any continuing or future infringement up until the date such judgment is entered, including pre and post judgment interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate CSP for Microsoft's infringement, an accounting;

D.    That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285;

E.    A preliminary and permanent injunction preventing Microsoft, and those in active concert or participation with Microsoft, from directly infringing the '140 patent;

F.    A judgment requiring that, in the event a permanent injunction preventing future acts of infringement is not granted, CSP be awarded a compulsory ongoing licensing fee; and

G.    That CSP be awarded such other and further relief at law or equity as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff CSP hereby demands a trial by jury on all claims and issues so triable.


October 1, 2013

BAYARD, P.A.


<u>/s/ Richard D. Kirk</u>
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*Of Counsel:*
Paul J. Hayes
Robert R. Gilman
Joseph P. Messina
Christopher E. Millikin
HAYES MESSINA GILMAN & HAYES LLC
250 Northern Ave., Suite 410
Boston, MA  02110
(978) 809-3850

phayes@hayesmessina.com
rgilman@hayesmessina.com
jmessina@hayesmessina.com
cmillikin@hayesmessina.com